Karnail SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–76416.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 21, 2006.

Patrick O. Cantor, Esq., Buttar & Cantor, LLP, Seattle, WA, for Petitioner.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM**

Karnail Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252 and we review the IJ's adverse credibility determination for substantial evidence. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). We deny the petition for review.

The IJ found Petitioner's demeanor troubling throughout the proceedings and went on to note several inconsistencies within Petitioner's testimony. Most notably, the IJ was concerned that Petitioner's testimony was unspecific and contradictory regarding the reason for his arrest, his flight from India to Nepal and his membership in a political party.

The "special deference" owed to the IJ's demeanor finding, taken together with the inconsistencies and lack of specificity in the record, causes us to conclude that no reasonable fact-finder would be compelled

to reach a contrary conclusion. Accordingly, we uphold the IJ's adverse credibility finding. *See Singh–Kaur*, 183 F.3d 1147, 1149–1153 (9th Cir.1999); *Paredes–Urrestarazu v. INS*, 36 F.3d 801, 818–819 (9th Cir.1994). In the absence of credible testimony Petitioner failed to establish eligibility for asylum, withholding of removal or CAT relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

